POSTED ON WEB SITE

FILED

AUG 24 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re )  Case No. 06-10227-B-13
)
Bob A.C. Meeks, II and )  DC No. DRJ-2
Darlene Meeks, )
        Debtors. )

**MEMORANDUM DECISION RE MOTION TO AVOID JUDICIAL LIEN Of PACIFIC BELL DIRECTORY AND SBC ADVERTISING, L.P.**

David R. Jenkins, Esq., appeared on behalf of the debtors, Bob A.C. Meeks, II and Darlene Meeks (the "Debtors").

Robert E. Blue, Esq., of Coleman & Horowitt, LLP, appeared on behalf of Pacific Bell Directory, a California Corporation, and SBC Advertising, L.P., a Delaware L.P. ("Pacific Bell").

M. Nelson Enmark, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

      Before the court is the Debtors' motion to avoid the judicial lien of Pacific Bell. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 522. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (K). For the reasons set forth below, the Debtors' motion to avoid the judicial lien will be granted to the extent that Pacific Bell's judicial lien impairs their homestead exemption.

**Background.**

      This bankruptcy commenced under chapter 7 on March 7, 2006. The Debtors' bankruptcy schedules list the real property located at 9178 N. Recreation in Fresno, California, as their residence (the "Residence"). The Debtors valued the Residence in their schedules at $289,000. The Residence was subject to a first deed of trust in the amount of $226,979.70 and a statutory lien in favor of the

Fresno County Tax Collector in the amount of $3,328.41. The unavoidable liens totaled approximately $230,308.11. The Debtors amended their homestead exemption and claimed an exemption in the amount of $75,000[1] pursuant to 11 U.S.C. § 522(b)(3)(A)[2] and California Code of Civil Procedure § 704.730(a)(2). There were no objections and the amended homestead exemption is now final. Based on the amount of the unavoidable liens and the homestead exemption, there will not be any "non-exempt" equity in the Residence unless the value of the Residence is found to exceed $305,308.11.

Pacific Bell holds a judgment against the Debtors from the Fresno County Superior Court in the amount of $65,538.14. An abstract of that judgment was recorded as a lien against the Residence on July 19, 2005. As of the petition date, the amount of the judgment lien with accrued interest exceeded $70,000.

Debtors filed their First Modified Chapter 13 Plan (the "Plan") on May 30, 2006. Included in the Plan was this motion under § 522(f)(1)(A) to avoid Pacific Bell's judicial lien on the grounds that said lien impaired their homestead exemption. Pacific Bell opposed the Debtors' motion based on an appraisal which valued the Residence at $320,000. Pacific Bell argues that there is some non-exempt equity in the Residence to which its lien can attach without impairing the exemption. Resolution of the lien avoidance issue determines, *inter alia*, whether the Plan is feasible and whether it can be confirmed. Confirmation of the Plan,

---

[1] The Debtors originally claimed a $500 exemption pursuant to Cal. Code of Civil Procedure § 703.140. They amended the exemption to the higher amount after Pacific Bell objected to confirmation of the original chapter 13 plan on the grounds that the plan did not provide for its secured claim. It then became apparent that the original exemption did not cover all of the equity in the Residence and that the Plan would not be feasible unless the Debtors could avoid the judicial lien.

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

and Pacific Bell's objection thereto, are also under submission and the court's ruling on those matters is on file herewith.

Pacific Bell submitted a declaration, supported by an appraisal, from Kaaryn A. File, a certified real estate appraiser (the "Appraisal"). Ms. File valued the Residence at $320,000 based on recent sales of three comparable properties ("Comp. Sales") in the same neighborhood. The Debtors contend that the Comp. Sales are not truly "comparable" in three categories. The Debtors state that the three Comp. Sales have tile roofs, while the Residence has a shake roof, warranting a downward adjustment from the Appraisal of $25,000 to $30,000. The Debtors state that the Comp. Sales were all recently painted and well landscaped, while the Residence was painted in 1991 and has inferior landscaping, warranting an additional downward adjustment of approximately $10,000. Finally, the Debtors state that the Comp. Sales have covered patios, while the Residence does not, warranting another downward adjustment of $4,000. In summary, the Debtors contend that the Residence should be valued approximately $39,000 to $44,000 less than the Appraisal.

Pursuant to Rule 43 of the Fed. Rules of Civ. P. and Local Rule 9014-1 of The United States Bankruptcy Court, Eastern District of California, parties are entitled to request an evidentiary hearing with regard to any disputed issue of material fact such as the value of the Residence. Neither party made a request to present oral testimony or cross-examine a witness. Therefore, the court must base its decision on the evidence in the record.

**Analysis.**

Pursuant to § 522(f)(2), a judicial lien impairs a debtor's homestead exemption to the extent that the sum of the judicial lien, other non-avoidable liens, and the available exemption, "exceeds the value that the debtor's interest in the property would have in the absence of any liens." Bankruptcy Code § 522(a)(2) defines the term "value" to mean "fair market value as of the date of the filing of

3

the petition . . . ."

To prevail on a motion to avoid a judicial lien, the debtor must show that (1) he has an interest in the homestead property; (2) he is entitled to a homestead exemption; (3) the asserted lien impairs that exemption; and (4) the lien is a judicial lien. 11 U.S.C. § 522(f)(1)(A); *Morgan v. Federal Deposit Insurance Corp. (In re Morgan)*, 149 B.R. 147, 151 (9th Cir. BAP 1993); *Premier Capital, Inc. v. Philip V. DeCarolis and Timothy P. Smith (In re DeCarolis)*, 259 B.R. 467, 471 (1st Cir. BAP 2001). As the moving party, the debtor carries the burden of proof on all factors. *DeCarolis*, 259 B.R. at 471. However, once the debtor establishes that the value of the exempt property did not exceed the exemption plus the unavoidable liens, the burden shifts to the opponent to prove that the exempt property had a higher value, *i.e.*, that there was non-exempt equity at the commencement of the case. The court does not need to make a finding of the exact value unless it is first persuaded that there was some non-exempt equity which must be allocated to the judicial lienholder(s).

Here, the parties do not dispute that the Debtors have an interest in the Residence, and there is no dispute as to the validity of the amended homestead exemption. The parties do not dispute that Pacific Bell's lien is a potentially avoidable judicial lien. Thus, the dispositive question is whether the fair market value of the Residence was more than $305,308.11 at the commencement of the case, the threshold above which there will remain non-exempt equity in the Residence for application to Pacific Bell's judicial lien.

The value of the Residence is listed in the Debtors' schedules and in the Debtor's declaration in support of the motion at $289,000. The motion explains the Debtors' valuation as follows: "value is based on the debtors' comparison of their residence to others in their neighborhood that have either sold or are for sale." The Debtors offer no specifics or back-up details regarding the basis for their opinion.

The Debtors offered their opinion of value as the owners of the Residence pursuant to Fed.R.Ev. 701. Ms. File offered her opinion as an expert witness pursuant to Fed.R.Ev. 702. The court must determine how much weight to give the competing opinions of value. The Debtor's testimony is subject to the same critical analysis as that of an independent appraiser. Based on the differences between the parties' respective positions, the court must carefully scrutinize the methods by which the competing opinions were derived. When the owner of property is unable to provide a detailed explanation of how he or she arrived at a value for the property, the testimony may be insufficient to establish in the court's mind an "actual belief . . . derived from the evidence" as to the validity of the owner's opinion. *Russell*, Bankruptcy Evidence Manuel § 701.2 at page 1218 (West 2006 edition), quoting *In re Brown*, 244 B.R. 603, 612 (Bankr. W.D.Va. 2000).

Here, the Debtors are permitted to give an opinion of the value of the Residence, but they are not qualified as experts to appraise the Residence. Neither are they qualified to give an opinion regarding the value differences between the Residence and the Comp. Sales. For example, the Debtors may testify from their personal knowledge that the Residence has a shake roof. However, they are not qualified as experts to testify that a shake roof is worth $25,000 to $30,000 less than a tile roof. Consequently, the court cannot give much weight to the Debtors' testimony regarding the value of the Residence and their efforts to compare the Residence with the Comp. Sales.

Based on the Appraisal, Pacific Bell asserts that the value of the Residence is $320,000. The Debtors contend that material differences between the Residence and the Comp. Sales, warrant a downward adjustment of up to $44,000. This would result in an "adjusted value" of $276,000. However, this "adjusted value" is $13,000 below the Debtor's own stated opinion of the Residence's value. The discrepancy between the Debtors' opinion of value as stated in their schedules, and

the "adjusted value" as suggested in their declaration, further mitigates the weight which the court can give to the Debtor's testimony.

Based on the evidence presented, the court finds that the value of the Residence is approximately $320,000. The unavoidable liens plus the amended homestead exemption total $305,308.11. The Residence therefore has $14,691.89 of non-exempt equity. Pacific Bell's judgment lien impairs the Debtors' homestead exemption to the extent that the value of its judicial lien exceeds the non-exempt equity. Therefore, Pacific Bell's judicial lien will be partially avoided, but will survive in the amount of $14,691.89.

**Conclusion.**

Based on the foregoing, the court finds and concludes that the judicial lien of Pacific Bell impairs the Debtors' homestead exemption to the extent that the value of the judicial lien exceeds $14,691.89 as of the commencement of the case. The Debtors' motion to avoid the judicial lien of Pacific Bell will be granted in part. Debtors' counsel shall submit an appropriate order consistent with this Memorandum Decision.

DATED: August 24, 20006

W. Richard Lee, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Bob A.C. Meeks II<br>9178 N RECREATION<br>FRESNO, CA 93720 | Darlene Meeks<br>9178 N RECREATION<br>FRESNO, CA 93720 | David R. Jenkins<br>PO Box 1406<br>Fresno, CA 93716 |
| United States Trustee<br>2500 Tulare St #1401<br>Fresno CA 93721 | Robert E. Blue<br>499 W Shaw #116<br>Fresno CA 93704 | M. Nelson Enmark<br>3447 W Shaw Ave<br>Fresno, CA 93711 |

DATED: 8-25-06

By: _____
Deputy Clerk

EDC 3-070 (New 4/21/00)